(No. 43031.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ARNOLD WAYNE GWIN, Appellant.

*Opinion filed September 30, 1971.*

ARTHUR E. ENGELLANT and ROBERT S. BAILEY, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES STERNIK, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE WARD delivered the opinion of the court:

Arnold Wayne Gwin, the defendant, was found guilty on two counts of burglary and one count of illegal possession of marijuana after a bench trial in the circuit court of Cook County. Sentences of not less than two years and no more than two years and a day, which were ordered to run concurrently, were imposed. He has appealed claiming a violation of constitutional rights through the trial court's denial of his motion to suppress evidence.

When entering his apartment in Evanston early in the afternoon of April 10, 1967, William Neher observed a burglar inside the apartment. He immediately withdrew and phoned the police from a nearby apartment. Charles Kipferl, an Evanston motorcycle officer, was notified of the burglary by radio and was advised that the intruder had been described as a white male, approximately 30 years of age, wearing a jacket. It is not clear from the record whether the jacket was described as "white" or "light". At Elmwood and Monroe Streets, approximately

two blocks from the building where Neher lived, the officer observed the defendant, who was a white male, then about 35 or 36 years old, wearing a light blue jacket. The officer testified that as he approached, the defendant threw some shiny objects to the ground. After reporting by radio his observation of defendant, he stopped Gwin and began a frisk search for possible weapons. Two detectives also appeared at this time and, completing the frisk, took a set of automobile keys from the defendant. One of the detectives, Roland Freeberg, testified that the defendant told them that he was in the vicinity looking for an apartment, and that he had come by bus. In the area where Officer Kipferl testified the shiny objects had been thrown, a 1926 silver dollar, three Statue of Liberty half dollars, and one Kennedy half dollar were recovered. The keys taken from the defendant were found to fit an auto parked on Monroe Street, west of Elmwood. The defendant was then placed in the detectives' squad car and taken to the building where the burglary had been reported. There a Mrs. Gerhardt, the wife of the janitor of the building, was asked to view the defendant. Detective Freeberg testified that she identified the defendant as one of two men she had seen 45 minutes earlier in the vestibule of an adjoining part of the building. When Neher viewed the defendant he told the police that he was not the man he had seen in his apartment. He was not shown at that time the coins that had been recovered. Subsequently, at the trial, he identified the coins as similar to those which had been taken from his apartment. He identified, too, a ring later recovered from the area where the coins had been found as having been taken in the burglary.

About an hour later the defendant was taken to the police station. At the station he was subjected to a thorough search and a credit card belonging to a Virginia R. Adell was found on his person, together with a marijuana cigarette. The apartment of Virginia Adell, which was in the same building as Neher's, had also been

burglarized. This was not immediately ascertained, however, as she was not at home at the time of the police investigation at the building.

The defendant's testimony on the motion to suppress, conflicts with this version of the facts in that he denied he ever said he came into the vicinity by bus, and he denied throwing the coins on the ground. This, of course, presented a question of credibility. Questions of credibility and the weight to be given testimony were matters to be decided by the trial court. *People v. Donel, 44 Ill.2d 280.*

The one question presented to us is whether the search and seizure of evidence at the police station were valid and whether, therefore, the defendant's motion to suppress was properly denied.

We consider there was probable cause for the arrest of the defendant. Officer Kipferl knew that shortly before a burglary in progress in the vicinity had been reported. He had been informed of the burglar's description. and he observed that the defendant fitted the description. When the defendant saw Officer Kipferl, who was in uniform, he acted suspiciously—throwing the shiny objects, *i.e.,* the coins. Whether probable cause for arrest exists depends upon the totality of the facts and circumstances in a given case. *(People v. McCrimmon, 37 Ill.2d 40, cert. denied 389 U.S. 863.)* In *McCrimmon,* at page 43, we cited *People v. Peak, 29 Ill.2d 343,* to the effect that "Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is guilty." Considering the sum of the circumstances here we judge there was probable cause for the defendant's arrest. That there may have been a mistake in identity, which we refer to hereafter, is not of importance. The Supreme Court has held that where police have probable cause to arrest one person, and they

reasonably mistake another for him and make an arrest, the validity of the arrest is not affected by the mistake. *Hill v. California, 401 U.S. 797, 28 L.Ed.2d 484, 91 S.Ct. 1106.*

This probable cause was not dissipated by the continuing police investigation. The defendant argues that the failure of Neher to identify him as the man Neher had seen in his apartment in effect exculpated him and made his search at the police station illegal. But such argument ignores Mrs. Gerhardt's having seen the defendant with a male companion in a vestibule of the building about the time of the burglaries. Considering all of the evidence, it would not be unreasonable to infer from this that there had been two burglars and that Neher had seen the defendant's companion. It is apparent that the general description given by Neher fitted both individuals.

The defendant's arrest and continued detention were proper and the delay incident to his transportation to the police station did not invalidate the more thorough search of his person which was conducted there. *People v. Kalpak, 10 Ill.2d 411; Charles v. United States, (9th cir.) 278 F.2d 386, cert. denied 364 U.S. 831.*

It is not necessary for us to judge whether the reasonable police function of inventorying an arrestee's effects can be regarded here as vindicating the search at the station. See LaFave, Search and Seizure: "The Course of True Law *** Has Not *** Run Smooth", 1966 U. Ill. L.F. 255, at p. 328, 329; *cf. People v. Smith, 44 Ill.2d 82.*

For the reasons given the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*