THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY L. HACKMAN, A MINOR, Defendant-Appellant.

(No. 71-8;

Second District—November 1, 1971.

Cuve M. Glesser, of Rochelle, for appellant.

John B. Roe, State's Attorney, of Oregon, for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, a minor, after being adjudged a delinquent, was placed on two years probation in July, 1969. The order of probation provided, in part, that defendant was to report monthly to the probation officer and be home every evening by 10:00 o'clock, unless in the custody of a parent.

A petition for revocation of probation was filed in July, 1970. In the same month detention, adjudication and disposition hearings were held. At the conclusion of the adjudication hearing the court found that the defendant did not report to the probation officer in June, 1970 and that he left home, without permission, on May 3rd returning on May 5th. An order revoking probation was entered. The disposition order found:

"That the parents of said minor are unable for reasons other than financial circumstances alone, to care for, protect, train or discipline said minor, and that it is in the best interest of said minor and of the public that he be taken from the custody of said parents."

and ordered the minor committed to the Department of Correction.

The evidence discloses that the defendant was 16 years of age, a junior in high school, living at home and a good student. He was placed on probation in July, 1969 and had reported regularly to the probation officer until May, 1970. On the day scheduled for reporting in May, defendant's

mother called the probation officer requesting that he be excused from doing so as an emergency arose on the farm and he was needed. The request was granted. At about the same time there had been a change in the day of the month that the defendant was to report. The testimony in the record on this point is conflicting as to whether the defendant understood the exact day on which he was to report. Nevertheless, he did not report in June, 1970.

On May 3, 1970, the defendant had a quarrel with his parents concerning a political subject and, late that day, left home and went to a friend's house in Rockford. When he did not return that evening, his parents notified the local police. The next day the defendant telephoned his mother and told her of his whereabouts and both parents returned the defendant to his home on May 5, 1970.

The record further discloses that the parents raise tomatoes on their farm for commercial purposes and also carry on a fruit stand business. From May until the hearing, the defendant had been working at both operations between six and seven days a week, twelve hours a day, and except for the occasion of leaving home and failing to report in June 1970, the defendant has abided by the conditions of his probation. He had not violated any laws.

The defendant and both parents testified in opposition to the petition for revocation of probation.

■■ The purpose and policy of the Juvenile Court Act is to secure for each minor care and guidance, preferably in his own home, that will serve his welfare and the best interests of the community and to remove him from the custody of his parents only when his welfare or safety or the protection of the public cannot be adequately safeguarded without removal. (Ill. Rev. Stat. 1969, ch. 37, par. 701—2). Section 5—10(1) of the Act (Ill. Rev. Stat. 1969, ch. 37. par. 705—10 [1]) provides for committment to the Department of Corrections and states:

"* * * the court may commit him to the Department of Corrections if it finds that (a) his parents, guardian or legal custodian are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so, and (b) the best interests of the minor and the public will not be served by placement under section 5—7."

Section 5—7 of the Act. (Ill. Rev. Stat. 1969, ch. 37, par. 705—7) provides for alternative dispositions that a trial court may impose rather than commitment to the Department of Corrections and the commitment section is to be employed only when the best interests of the minor and the public will not be served by placement under this section.

Section 5—11 of the Act (Ill. Rev. Stat. 1969, ch. 37, par. 705—11) provides that proceedings under the Act do not terminate until the child reaches 21 years of age unless terminated earlier by the court. The commitment herein *could* result in defendant's confinement until he reaches age 21.

The State, in its brief, argues: "While the disposition imposed in this case is presumably the harshest provided under the Juvenile Court Act, this does not in and of itself lead to the conclusion that it is manifestly excessively and a great departure from the spirit and purpose of the Juvenile Court Act."

■■ From the factual background presented by the record herein we can not agree with the State's analysis. Rather, we are of the opinion that the evidence did not substantiate the trial court's findings as required by section 5—10(1) and its holding in the dispositional order was against the manifest weight of the evidence.

We, therefore, reverse the order and remand the cause for further proceedings consistent with the views herein expressed.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.