In re ROBERT STEVEN SEIBERT, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. ROBERT STEVEN SEIBERT, Respondent-Appellant.)

(No. 74-224;

Fifth District—June 6, 1975.

Paul Bradley and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Dale A. Allison, Jr., State's Attorney, of Mt. Carmel (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Respondent-appellant was adjudicated a delinquent in the Circuit Court of Wabash County and was committed to the Department of Corrections, Juvenile Division. The petition for adjudication of wardship alleged that respondent had committed burglary and two thefts and had operated a motor vehicle with no valid driver's license. An adjudicatory hearing was held at which respondent, represented by counsel, admitted the facts alleged in the petition. The court heard additional evidence and found the respondent to be delinquent. Respondent does not challenge this adjudication.

■■ The cause was continued for a dispositional hearing. At the hearing, the State presented a one-page letter to the court from the probation officer purporting to be an investigation report. The letter contained general background information, references to other arrests, details of the present charges, and the conclusion: "It is my belief that Robert does need help very badly." No specific recommendation was made. State-

ments about respondent's home life and educational background were vague and reflected little investigation or thought. While the report may reflect technical compliance with section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1), we do not believe that it is the type of in-depth study contemplated by the Act.

Respondent moved the court to grant a continuance of the dispositional hearing to allow psychological testing pursuant to section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1). The State agreed that testing was needed but argued that the appropriate place for such testing was the Department of Corrections. The court then heard evidence from respondent's mother and George White, a boarder at the Seibert home. Respondent renewed his motion for a continuance. The motion was denied.

Mrs. Seibert testified that she did not believe that respondent could stay out of trouble in Mt. Carmel but was convinced he could do better if they moved to another town. She stated that they would move soon, perhaps to Olney. On cross-examination, she admitted that respondent had previously been charged with theft and possession of marijuana. She admitted that when respondent was with "bigger boys" she could not control him. Although she testified that respondent obeyed her, she admitted that he had been in trouble often and the incidents were becoming "more serious." She testified that respondent had quit school, returned, and quit again. The investigation report indicated he had once been suspended for smoking in a rest room and "seems to be a slow student." She insisted, however, that she would be able to "control" respondent when she moved from Mt. Carmel.

George White testified that his son had worked with respondent and had told him (White) that if respondent could be kept out of the influence of his uncle he would be all right. It was White's opinion that respondent could avoid future trouble with the law if he could move away from Mt. Carmel.

■■ Respondent's counsel objected to the use of prior charges not resulting in conviction or adjudication. The State's attorney stated that he had chosen not to proceed with the previous charges to give respondent a "second chance." The judge noted respondent's history of charges in his statement prior to committing respondent. The court recognized that the intent of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 et seq.) was to provide the youthful offender rehabilitation in the home if at all possible but felt that this was not feasible in the instant case. The order of the court committing respondent to the Department of Corrections stated that the best interests of respondent and the public would not be served by placement in the custody of someone other than the Department pursuant to section 5—7

of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—7). This finding was necessary prior to commitment. Ill. Rev. Stat. 1973, ch. 37, par. 705—10.

It is respondent's contention that the trial court abused its discretion in refusing to grant a continuance to allow mental and psychological testing of the respondent. That the decision on such a motion is discretionary is undisputed. (Ill. Rev. Stat. 1973, ch. 37, par. 705—1.) In order to commit a juvenile to the Department of Corrections, the trial court must find that "his parents, guardian or legal custodian are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so * * *." Ill. Rev. Stat. 1973, ch. 37, par. 705—10.

■■ We believe that in the instant case the trial court had before it sufficient evidence of respondent's background to determine that the parent was unable to discipline him in such a way to cause him to conform his conduct to that required by society. The court could properly conclude that respondent was in need of a more structured environment where he could receive education, training, counseling, and discipline. While we are not impressed with the sketchy and incomplete investigation report contained in the record and would prefer that the trial court search out all accurate and detailed information before rendering disposition of a juvenile, we believe that in the instant case the court had before it sufficient information on which to base the disposition imposed. The court did not abuse its discretion by denying respondent's motion for continuance.

■■ Respondent finally contends that the court erred in considering prior arrests not resulting in adjudication during the dispositional hearing. The argument is specious. Section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1) permits the court to consider "all evidence helpful" in determining disposition, even evidence "not competent for the purposes of the adjudicatory hearing." Respondent attempts to equate the dispositional hearing with a sentencing hearing for adults. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1.) They are neither equatable or comparable. (*People v. Perry,* 132 Ill.App.2d 326, 270 N.E.2d 272 (1971); *In re Blakes,* 4 Ill.App.3d 567, 281 N.E.2d 454 (1972).) The evidence of respondent's prior arrests was properly considered by the court.

The judgment of the Circuit Court of Wabash County is affirmed.

Affirmed.

JONES, P. J., and CARTER, J., concur.