*In re* RAY MICHELÉ WILLIAMS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAY MICHELE WILLIAMS, Defendant-Appellant.)

(No. 12698;

Fourth District—July 24, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, and Janet Levine, Law Student, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a hearing on a petition filed pursuant to the Juvenile Court Act

(Ill. Rev. Stat. 1973, ch. 37, par. 701.1 *et seq.*) respondent, Ray Michele Williams, was adjudged to be a delinquent minor by the Circuit Court of McLean County. The adjudication was based on a finding that he had committed the offenses of possession of cannabis and an amphetamine in violation of section 4(a) of the Cannabis Control Act and section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, pars. 704(a), 1402(b)). He appeals from that adjudication, contending that the evidence upon which he was found to be delinquent was obtained in violation of his constitutional rights to be free from unreasonable searches and seizures and that he was deprived of his right to the effective assistance of counsel at the hearing. We affirm.

Detective Charles Crowe of the Bloomington Police Department testified that early in the morning of October 29, 1973, Gladys Stowalt told him that on the previous evening, her brother and the minor respondent, while at her home and in her presence, had agreed to commit a robbery. She had been brought to the police station by the person she said was the intended robbery victim. Later that day, Detective Crowe went to the minor's home and took him into custody without a warrant. The *Miranda* warnings were read to the boy, and he was later transported to the police station in a squad car and taken to the interview room. Crowe stated that his intent was to book the boy for conspiracy to commit armed robbery.

Upon request of the police officers, the boy emptied his pockets. He pulled out, and put on a table, a small packet wrapped in aluminum foil. He was then frisked which Crowe said was for the purpose of searching for weapons that might be used against the officers. Crowe then took Ray's coat and went through it, finding what appeared to be a marijuana cigarette. Evidence was introduced of tests that found the cigarette to contain cannibas and the packet in the foil to contain amphetamine.

A peace officer may arrest an individual without a warrant when "[h]e has reasonable grounds to believe that the person is committing or has committed an offense" (Ill. Rev. Stat. 1973, ch. 38, par. 107—2). He may also take a minor into custody when with "reasonable cause" he believes the minor to be delinquent (Ill. Rev. Stat. 1973, ch. 37, par. 703—1). A boy under 17 years of age who violates a State law is delinquent (Ill. Rev. Stat. 1973, ch. 37, par. 702—2). The respondent, Ray Michele Williams, was 16 years of age at the time he was taken into custody. The parties agree that the phrases "reasonable grounds" and "reasonable cause" have the same meaning and are synonymous with the phrase probable cause.

The People contend that the contraband substances were obtained by a search that was permissible as an incident to a lawful taking of the

minor into custody. The minor maintains, first, that no sufficient cause or grounds existed for the arrest because no showing was made of the reliability of the informer or that any act had been taken in furtherance of the alleged agreement to commit robbery. Secondly, he argues that the arrest was improper because of the lack of showing of any exigencies that would have prevented the obtaining of an arrest warrant during the time that transpired between the information coming into the officers possession and the taking into custody of the respondent. Finally, the respondent argues that even if the arrest was valid, the search was too remote from the arrest.

■■ The requirement of prior reliability which must be met when police act on tips from professional informers does not apply to information supplied by ordinary citizens (*Draper v. United States*, 358 U.S. 307, 3 L.Ed.2d 327, 79 S.Ct. 329; *People v. Hester*, 39 Ill.2d 489, 237 N.E.2d 466). There was no showing of any act in furtherance of the agreement to commit robbery. We have not been able to find authority as to whether probable cause requires some showing of every material element of the offense. In any event, the evidence of probable cause need be neither admissible nor sufficient to convict (*Brinegar v. United States*, 338 U.S. 160, 93 L.Ed. 1879, 69 S.Ct. 1302; *People v. Pitts*, 26 Ill.2d 395, 186 N.E.2d 357). If there was insufficient showing of probable cause as to a conspiracy to commit robbery, there was sufficient evidence to show solicitation to commit robbery. Solicitation is defined as occurring when "with intent that an offense be committed" a person "commands, encourages or requests another to commit that offense" (Ill. Rev. Stat. 1973, ch. 38, par. 8—1). Inferences of encouragement to commit an offense sufficient to meet the test for probable cause arise from the conversation in which the boys agreed to commit the robbery.

■■ In *People v. Johnson*, 45 Ill.2d 283, 259 N.E.2d 57, *cert. denied*, 407 U.S. 914, 32 L.Ed.2d 689, 92 S.Ct. 2445, the police had reasonable cause to believe of an accused's guilt for several days before they went to his apartment and arrested him without a warrant. The arrest was held valid even though there was no showing of exigent circumstances that prevented the seeking a warrant. An arrest without a warrant, although made 3 weeks after the crime without exigent circumstances, was upheld in *People v. Johnson*, 24 Ill.App.3d 152, 320 N.E.2d 69. The arrest being lawful, the police were not limited to the stop and frisk type of search as claimed by the minor (*United States v. Robinson*, 414 U.S. 218, 38 L.Ed.2d 427, 94 S.Ct. 467). The permissible scope of the search was not limited because it was made at the police station and not at the time of the initial arrest. *People v. Gwin*, 49 Ill.2d 255, 274 N.E.2d 43.

The minor had a right to the effective assistance of counsel pursuant

to section 1—20(1) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—20(1) and amendments VI and XIV to the Federal Constitution as interpreted by *In re Gault*, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428. When the case was called for hearing, the minor's father indicated that he was indigent and requested counsel. Counsel was appointed, and not more than 15 minutes later the case started. In *People v. Husar*, 22 Ill.App.3d 758, 318 N.E.2d 24, a court-appointed counsel started a case immediately after appointment and with very little preparation. The court informed him that he could have a continuance if he needed it. On appeal, it was held that the accused was not deprived of his right to the effective assistance of counsel because there was no showing substantial prejudice resulting to him from counsel's lack of time to prepare. Here, the respondent minor's counsel did not ask for a continuance at the start. We can assume that he would have done so if he needed one, for later in the hearing he did make such a request.

After hearing the testimony of the petitioner's witness that the substances in question were cannabis and amphetamine, the court appointed counsel requested a continuance to get an expert to testify that the substances found, regardless of containing the prohibited substances, did not contain them in sufficient amounts to produce a narcotic effect. The request was denied. No authority has been presented to us that the law of this State so requires. Further time to obtain such a witness would have been fruitless, for his testimony would have been properly refused.

The petition in this case was based on the boy's possession of contraband. There is no question that he possessed the substances analyzed. There is no reason to believe that the analysis presented was inaccurate or that any further investigation would refute it. Therefore, the only question of substance was the propriety of the search. Counsel pursued this vigorously and fully presented legal arguments to the court. The most recent statement of the Illinois Supreme Court as to the criteria for us to follow when inadequacy of court appointed counsel in the trial court is alleged in review is that "[i]n order to warrant a reversal because of incompetency of counsel the defendant must establish actual incompetence as reflected by the representation and substantial prejudice resulting therefrom" (*People v. Witherspoon*, 55 Ill.2d 18, 21, 302 N.E.2d 3, 4-5). We follow that rule and find the evidence of alleged incompetence here clearly insufficient to warrant reversal.

The respondent calls our attention to *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975). There, in reversing a denial of the district court to discharge a State prisoner on a hearing pursuant to a writ of habeas corpus, the majority opinion stated, "We now hold that the Constitution guarantees a criminal defendant legal assistance which

meets a minimum standard of professional representation." (510 F.2d 634, 641.) Unprepared counsel appointed only a few days prior to trial refrained from making a motion for continuance at the request of his client and partly in hope that the State was also unprepared. The period of the 120-day rule was about to expire. The original unprepared lawyer was replaced by another public defender, also unprepared and inexperienced. Several substantial errors were made.

■■ In further discussing the required standard of competence for court appointed counsel, the court also stated:

> "Nor do we accept as a broad general proposition that counsel appointed on the day of trial is inevitably or even presumptively unprepared to go to trial. Much depends on the nature of the charge, of the evidence known to be available to the prosecution, of the evidence susceptible of being produced at once or later by the defense, and of the experience and capacity of defense counsel." 510 F.2d 634, 639.

Unlike the situation in *Williams* there is no showing that counsel here was not experienced and this court is aware that he has ably represented clients before it. He had to take the evidence as it existed. There is no indication that any evidence later to be produced would have been helpful. Although we deem the rule in *Witherspoon* to be the one for us to follow, we find the legal assistance given the minor here more than met the "minimum standard of professional representation" required by *Williams*.

We are aware of the busy schedule of trial courts and that the necessity to appoint counsel and guardians ad litem often arises at moments where a continuance would disrupt the court schedule and inconvenience parties and witnesses. Nevertheless, we do not wish, by this opinion, to encourage the practice of proceeding immediately after the making of such appointments when to do so substantially impairs the appointee's ability to perform his function. We affirm here because the representation met the required standard.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.