*In re* WESLEY STEAD, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* WESLEY STEAD, Respondent-Appellant.)

First District (4th Division)   No. 77-949

Opinion filed April 27, 1978.

James J. Doherty, Public Defender, of Chicago (Andrew E. Sohn and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel) for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The minor respondent, Wesley Stead, was adjudged delinquent and subsequently committed to the Department of Corrections, Juvenile Division. The sole issue he raises on appeal is whether the trial court abused its discretion by making that disposition.

We affirm the order of the trial court.

On January 5, 1977 the minor-respondent entered an admission to a delinquency petition which alleged his theft of a purse. As a factual basis for the admission the Assistant State's Attorney informed the court that, if called, the complaining witness would testify that while she was walking down a street on October 28, 1976, the minor-respondent took her purse. Further, the State told the court that, if called, an eyewitness would testify that from a distance of 10 feet he had observed the minor-respondent

grab the purse and flee. The witness chased and apprehended him, returning the purse to its owner.

The trial court accepted the admission, found the minor-respondent delinquent, and adjudged him to be a ward of the court. The matter was continued until February 17, 1977, for a dispositional hearing. Two other delinquency petitions pending against the minor-respondent were stricken with leave to reinstate on the motion of the State.[1]

At the dispositional hearing a probation officer submitted his social investigation report to the court. In that report the officer described the minor-respondent's home situation as "chaotic." His father was not living at home and, indeed, his whereabouts were not known. His mother, although described as very concerned, admitted to having trouble controlling her children as to school attendance and curfews because of their age. The report cited school officials' descriptions of the minor-respondent as "* * * a theif [sic] of other children's property, a truant, a user of drugs, an underachiever, and a distructive [sic] force in the class." The minor-respondent was described as being polite and respectful to the probation officer but this was judged to be a "possible manipulation." Between July 4, 1974, and March 27, 1976, the minor-respondent had three station adjustments[2] for theft and one for criminal trespass to property. On the positive side the officer found strong family ties and a very concerned mother. On the basis of his investigation he recommended one-year probation with weekly visits by him.

At the hearing four additional delinquency petitions were described by the court as pending against the minor-respondent. Three were for burglary and one was for attempt to commit a burglary. All the alleged offenses occurred after the theft admitted by the minor-respondent; two occurred after the hearing at which that admission was made; and one occurred after the probation officer first talked to him. His attorney entered denials to all four petitions. The State recommended a disposition of commitment to the Department of Corrections, citing these additional petitions as evidence the minor-respondent was not making any effort to change and therefore was a danger to the public and to himself.

The trial judge then made the following findings:

> "* * * I have before me a young man who is 14 or going on 15 years old, who has numerous petitions pending, one there has been a finding of delinquency made—and that is a purse—theft of a purse, so I must consider, in the last analysis what is in the best interest of the minor respondent, and also what is in the best interest of the community at large.

---

[1] Although not clear from the transcript, the social investigation report of the probation officer states that these petitions were for theft and aggravated assault with a pellet gun.

[2] "Station adjustments are contacts with the police which do not result in any further legal action." *In re Wilson* (1976), 40 Ill. App. 3d 619, 352 N.E.2d 251, 252.

> Now, the parties recommended a disposition of probation to me, and I must conclude that based upon the totality of the evidence that, that disposition is inappropriate. At this time, I find it would depricate [*sic*] the seriousness of the minor respondent's misconduct, and would be inconsistent with the ends of justice. I must, therefore, find that Wesley is beyond the control and discipline of his parent and guardian and that it is in his best interest and the best interest of the community at large, that he be committed to the Department of Corrections, Juvenile Division, and that will be the order * * *."

We recognize that commitment is only to be used when the less severe placement alternatives would not be in the best interests of the minor and the public. (*People v. Hackman* (1971), 1 Ill. App. 3d 1030, 275 N.E.2d 488; Ill. Rev. Stat. 1975, ch. 37, par. 705—10(1).) We also recognize the importance of considering the report of social investigation. Such consideration is in fact mandated by statute before any commitment to the Department of Corrections is ordered. (Ill. Rev. Stat. 1975, ch. 37, par. 705—1(1).) Contrary to the arguments of the minor-respondent, however, these factors support the order of the trial court.

■■ That court was presented with a juvenile in increasing difficulty with the law. His home environment was a poor one; his father was absent and his mother apparently was willing but unable to provide adequate guidance and supervision. Nor was there any indication that the mere threat of legal sanctions was sufficient: since his last court appearance four delinquency petitions were filed against him. Two were for offenses allegedly committed after that hearing. Although the question is not raised by the parties, we note that consideration of these other petitions was proper. This court has upheld similar consideration of station adjustments (*In re Wilson* (1976), 40 Ill. App. 3d 619, 352 N.E.2d 251), prior arrests (*In re Seibert* (1975), 29 Ill. App. 3d 129, 329 N.E.2d 799), and curfew violations. *In re Sneed* (1976), 38 Ill. App. 3d 1041, 350 N.E.2d 122.

■■ The record established that the trial court considered and rejected the alternative of probation which was recommended by the probation officer and the minor-respondent's attorney. Given the facts we have summarized, the court's determination that commitment was required did not constitute an abuse of discretion. *In re Wilson* (1976), 40 Ill. App. 3d 619, 352 N.E.2d 251.

The judgment of the trial court is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.