*In re* ALEXANDER YOUNG, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ALEXANDER YOUNG, Respondent-Appellant.)

First District (4th Division)    No. 77-1614

Opinion filed August 17, 1978.

James J. Doherty, Public Defender, of Chicago (Zaven Peter Tokatlian and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and James V. Marcanti, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The minor-respondent, Alexander Young, was adjudged delinquent based on the offense of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) and committed to the Department of Corrections, Juvenile Division. On appeal, respondent contends the State failed to prove at the adjudicatory hearing that he committed the offense before he reached 17 years of age, and the court erred in committing him to the Department of Corrections.

The sufficiency of the evidence concerning respondent's culpability is not questioned. The record shows that the police apprehended respondent hiding in a closet of a burglarized house. Respondent's claim, which the trial court rejected as implausible, was that he fled into the house in order to avoid numerous police officers whom he thought were about to shoot him. Neither at the adjudicatory hearing nor prior thereto

was testimony proffered as to respondent's age, and no question as to this matter was raised.

■■ Respondent contends it is essential that the State prove he committed the offense prior to his 17th birthday. Recently, this court considered this issue in our decision of *In re Dyess* (1978), 62 Ill. App. 3d 571, ___ N.E.2d ___, and stated that where a petition for the adjudication of wardship alleges that respondent is a juvenile and he fails to specifically raise the issue of his age, he is deemed to have waived it. In the present case, respondent did not question in the trial court that he was not yet 17 years of age at the time of the burglary. We adhere to our decision in *Dyess* and conclude that respondent's initial contention has been waived.

■■ Respondent contends the trial court also erred in committing him to the Department of Corrections because the finding that he was beyond parental control and commitment was in his best interest (Ill. Rev. Stat. 1975, ch. 37, par. 705—10) was contrary to the manifest weight of the evidence. In this regard, the record shows that respondent had no prior delinquency adjudications, although one delinquency petition has been previously dismissed. However, he had received 10 station adjustments involving, *inter alia,* unlawful use of a weapon, robbery, and property-related offenses. The court was also presented with a detailed social report prepared by a probation officer concerning the 16-year-old respondent. The report showed that he was one of nine children living with their mother who blamed respondent's problem on his peer group. Five of these children were in trouble with law enforcement authorities. The report also indicated that respondent had left high school and spent much of his time at a playground. While the probation officer recommended a probationary disposition, the trial court rejected this recommendation. It is the function of the trial court to determine the dispositional order to be entered and the decision will not be disturbed unless there is an abuse of discretion demonstrated. (*In re Stead* (1978), 59 Ill. App. 3d 1012, 1014, 376 N.E.2d 689, 691; *In re Wilson* (1976), 40 Ill. App. 3d 619, 622, 352 N.E.2d 251, 254.) We have considered the information provided to the trial court in formulating its disposition and cannot say the court's dispositional order was an abuse of discretion.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER and ROMITI, JJ., concur.