*In re* CHRISTOPHER LANG, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* CHRISTOPHER LANG, Respondent-Appellant.)

Second District   No. 77-284

Opinion filed July 18, 1979.

Peter Staben, of Waukegan, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the order of the juvenile court of Lake County committing the respondent to the Department of Corrections.

The respondent presents four issues. (A) Did the State fail to prove that the defendant was under the age of 17 years at the time of the commission of the offenses? (B) Did the court base its decision to commit the respondent to the Department of Corrections on valid statutory grounds? (C) Did the court err in taking judicial notice of the prior arrests of the respondent at the dispositional hearing? (D) Was the respondent denied due process under the Juvenile Court Act?

The respondent, along with several adults, was involved in the armed robbery of a filling station attendant. In the course of the armed robbery the attendant was beaten unconscious with a gun. One of the respondent's

adult accomplices was sentenced to 3-9 years for armed robbery. A detention hearing for the minor herein was held on August 23, 1976. His mother was present, and attorney Cummins was appointed to represent her. A public defender represented the minor. An adjudicatory hearing was subsequently held on December 10, 1976, at which time the minor was found to be a delinquent. Present at that hearing was the mother, the guardian ad litem for the minor, attorney Cummins, and the public defender representing the minor. The matter was continued for disposition to December 16, 1976. Numerous continuances were had thereafter delaying the dispositional hearing until February 2, 1977. The minor was not present on February 2. He was arrested upon a warrant and the court proceeded with the dispositional hearing on February 3, 1977, at which time the minor was committed to the Department of Corrections. At this hearing the minor, attorney Cummins, the public defender representing the minor, the probation officers and police juvenile officer John McKeever were present.

■■ As we have indicated, the first argument presented is that the State failed to prove the respondent was under the age of 17 years of age at the time of the commission of the offense. This issue was recently laid to rest by the supreme court in *In re Greene* (1979), 76 Ill. 2d 204, 218, 390 N.E.2d 884, 890, where the court stated:

> "In sum, while it is advisable for the State to establish a respondent's age at the adjudicatory stage to avoid any possibility of an improper application of juvenile procedures, age is not an element of delinquency but is a factor which triggers the application of the Juvenile Court Act to young offenders. If the respondent does not challenge the authority of the court to proceed under the provisions of the Act, the respondent has consented to the court's authority and has waived any objection to his treatment as a juvenile."

In the case before us, of course, no such challenge was raised in the trial court. We therefore find this argument to be without merit.[1]

■■ ■ The second argument presented is that the court improperly considered various prior arrests of the juvenile, to-wit, a burglary in Niles, a burglary in Des Plaines, five burglaries in the Winnetka area, the theft of a bicycle in Glenview and the flight of the respondent to Louisiana in a stolen car after the instant offense. As support for this argument, the respondent has cited *In re Dependency of Rosmis* (1960), 26 Ill. App. 2d 226, 167 N.E.2d 826. This case is inapposite to the one before us as it was

---

[1] The record herein, incidentally, shows that the respondent was born May 13, 1960. Simple arithmetic, therefore, shows that he was 16 years old as of the date the petition for adjudication of wardship was filed on August 23, 1976. Additionally, the record further shows, by the report of the probation officer, that the minor was 16 years old as of the date of that report, September 9, 1976.

rendered prior to the enactment of the present Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—1 *et seq.*). We find that the consideration by the court here of the prior record of the juvenile was entirely proper. This is because section 5—1(1) of the Act provides, in part, that:

> "All evidence helpful in determining this question, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing." (Ill. Rev. Stat. 1977, ch. 37, par. 705—1(1).)

The respondent also raises the issue that he was not allowed to cross-examine the juvenile officer, McKeever, who prepared the list of the respondent's prior arrests. We find no merit to this argument as McKeever testified at the dispositional hearing and the respondent apparently chose not to cross-examine him as to the evidence now complained of. We also note that this argument is improper since at no time did the respondent's attorney object to that evidence. The issue of prior arrests was also presented in *In re Sneed* (1976), 38 Ill. App. 3d 1041, 350 N.E.2d 122. In *Sneed* the trial court considered station adjustments and curfew violations. The appellate court therein held that section 5—1(1) of the Juvenile Court Act specifically provides that at the dispositional hearing the court may consider the same. The court also found in that case that no objection was made to the introduction of this evidence.

Likewise, in *In re Blakes* (1972), 4 Ill. App. 3d 567, 572, 281 N.E.2d 454, 457, the trial court considered 42 complaints of a criminal nature presented to it as part of the history of the minor. Exception was taken to this on appeal and the appellate court stated:

> "It must also be remembered that there was no objection by appellant's lawyer. 'The statute gives the juvenile court judge a great deal of discretion regarding the conduct of a dispositional hearing. This is as it should be. Under the stated facts of this case, we can find no evidence that the lower court abused its discretion to any degree even approaching prejudicial, reversible error.' [Citation.]"

The court also observed in *Blakes* that the respondent's arguments advanced therein sought to equate a juvenile delinquent's dispositional hearing with a criminal trial, and quoted from the United States Supreme Court's decision in *McKeiver v. Pennsylvania* (1971), 403 U.S. 528, 551, 29 L. Ed. 2d 647, 664, 91 S. Ct. 1976, which stated:

> "If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it."

The court in *In re Seibert* (1975), 29 Ill. App. 3d 129, 132, 329 N.E.2d 799, 801, also passed upon the issue of the admissibility of arrests, specifically stating that:

> "Respondent finally contends that the court erred in considering prior arrests not resulting in adjudication during the dispositional hearing. The argument is specious. Section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1) permits the court to consider 'all evidence helpful' in determining disposition, even evidence 'not competent for the purposes of the adjudicatory hearing.' Respondent attempts to equate the dispositional hearing with a sentencing hearing for adults. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1.) They are neither equatable or comparable."

We concur. It is specifically to be noted herein that when the report of the minor's prior criminal activity was presented no objection whatsoever was made. We concur with *Sneed* and *Blakes* and further find that if there were a valid argument, it was waived.

The next argument of the respondent, intertwined with all of the arguments presented, is that the court improperly committed the respondent to the Department of Corrections. Some discussion was had at the dispositional hearing as to the availability of alternative placement for the minor other than with the Department of Corrections and it would appear that none was available. The argument is presented that this resulted in the respondent, a resident of Cook County, not being afforded placement other than with the Department of Corrections. A similar argument was presented in *In re Wilson* (1976), 40 Ill. App. 3d 619, 622, 352 N.E.2d 251, 254, where the court stated:

> "Both probation and the UDIS program were suggested to the court, and we find no provision in the Act requiring a dispositional alternative other than commitment. To the contrary, section 5—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—2) provides the types of dispositional orders that may be entered, and it does not defer one to another. Furthermore, the Act gives the court a great deal of discretion regarding the conduct of a dispositional hearing."

The record, as pointed out by respondent, is contrary to his argument that he was committed to the Department of Corrections because he was a resident of Cook County. The probation officer testified:

> "* * * and I should emphasize that contrary to the Public Defender's opinion, there may be placements because the boy is not a resident of our county. Not because they may or may not be available. It is my opinion that due to his age, the severity of the offense, and the totally unstructured aftercare program which may be made available to him through the use of a placement, most

"probably one would not be found that would be appropriate for this child."

We find that the court did not abuse that discretion in committing the minor here to the Department of Corrections since the evidence presented, other than the criminal offenses enumerated above, was that the home of the minor was not suitable for a return thereto as it was lacking in discipline; that the minor required structured control of his activities, which was also not available at his home.

Another argument presented indirectly is that attorney Cummins was not notified of the dispositional hearing on February 3. Examination of the record discloses that subsequent to the adjudicatory hearing, the cause was continued numerous times from the date of adjudication to February 2, when attorney Cummins was present, as well as the other enumerated parties above, and the only reason the hearing did not proceed on that date was that the minor failed to appear. The next day the hearing was held and attorney Cummins did, in fact, appear, although he advised the court that he did not have notice. This issue was also presented in *In re Williams* (1975), 30 Ill. App. 3d 1025, 333 N.E.2d 674, where the court appointed counsel for the minor 15 minutes before the adjudicatory hearing was held. The court, citing *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975), held that this did not constitute reversible error. Unlike the situation in *Williams*, attorney Cummins represented the mother at many proceedings held subsequent to the detention hearing. The cause was continued at least eight times and, while an apparently undue period of time exists from the date of the detention hearing to the date of adjudication and subsequent disposition, it is to be noted that most of the continuances were had because the respondent's mother was terminally ill and was in the hospital. It is therefore not a reflection upon the State that it took an inordinate length of time for this cause to be disposed of.

The last argument of the respondent as to his denial of due process, equal protection and the protection of the Juvenile Court Act, was intertwined with the other arguments of the respondent that we have disposed of. Inasmuch as we have determined that the court properly exercised its discretion in committing the youth to the Department of Corrections, we do not find that any constitutional issue was presented. The order of the trial court committing the respondent herein to the Department of Corrections is therefore affirmed.

Affirmed.

SEIDENFELD and LINDBERG, JJ., concur.