*In re* S. R. F., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* S. R. F., Respondent-Appellant.)

Fourth District   No. 15728

Opinion filed February 1, 1980.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Thomas R. Lamont and Donald L. Hays, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

In *People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240, this court held that in a criminal case when the sentencing judge "has reason to believe" that a defendant is a drug addict, that judge must make a showing of record that imposition of the provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*) was considered as an alternative to sentencing. This case concerns the question of whether under similar conditions a judge is required to make the same record before committing a juvenile to the Department of Corrections pursuant to section 5—10 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—10). We conclude that such is not required and accordingly affirm.

On December 22, 1976, the circuit court of McLean County found the respondent minor, S. R. F., to be delinquent, and on January 24, 1977, ordered him placed on probation in the custody of his parents. During the course of his probation, his custody was changed to that of (1) his father individually, (2) the Peoria Youth Farm, (3) his father individually, and (4) his mother individually. On April 23, 1979, the court found that he had committed a burglary in Texas while in the custody of his mother. A dispositional hearing was held, and he was committed to the Juvenile Division of the Department of Corrections.

Prior to making the commitment, the court had received a supplemental report which informed the court that the minor's parents had stated that they could not control him, that he stayed out late at night, and that he had "come home repeatedly 'high'." The report had also indicated that the parents had "found marijuana and paraphernalia in their house." During the hearing the minor stated:

> "Well, I got a drug problem. I know I've got a problem with pot and stuff. I ain't trying to blame it on that, but that's what made me quit the jobs. I think if I can straighten that out, I want to do the right thing, but I never follow through on it * * *.
>
> I hate to be here in Court, * * * I think one alternative would be to

join the service because I know a little bit about what service has to offer me and stuff, and it would keep me away from drugs."

The minor contends that the foregoing gave the trial court "reason to believe" that he was a drug addict. He notes that section 5—10(1)(b) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—10(1)(b)) provides for commitment to the Department of Corrections to be made only when the court finds "the best interest of the minor and the public will not be served by placement under Section 5—7" of that act. He argues that because of the indications that he was a drug addict, the court erred in committing him to the Department of Corrections without a showing being made that his best interests and that of the public would not be served by commitment to a drug abuse program.

*Dill* arose from the provisions of sections 8, 9, and 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.8, 120.9, 120.10). Each of these provisions limits its application specifically to criminal proceedings. Although none of them specifically provides that the trial court must make a showing that invocation of the procedures set forth therein was considered, they combine to set forth an elaborate procedure for use of the Act in criminal cases. On the other hand, the only reference in the Act to its use in juvenile cases is section 12 (Ill. Rev. Stat. 1977, ch. 91½, par. 120.12) which states:

"A minor may be placed under the treatment supervision of the Department pursuant to sections 2—3 and 5—2 of the Juvenile Court Act."

Section 2—3 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702—3) states that being an addict as defined by the "Drug Addiction Act," now the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*), is a ground for finding a minor to be in need of supervision. Section 5—2 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2) lists admission for treatment under the "Drug Addiction Act" as a possible disposition for a minor found to be delinquent.

■■ The only findings specifically required by the Juvenile Court Act before making a commitment to the Department of Corrections of a minor who has been declared delinquent and made a ward of the court are those stated in section 5—10(1) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—10(1)). They are: (1) relative to the ability of the parent, guardian, or custodian to train the minor, and (2) that "the best interest of the minor and the public will not be served by placement under Section 5—7." That section (Ill. Rev. Stat. 1977, ch. 37, par. 705—7) makes no reference to placement under the Dangerous Drug Abuse Act unless it be contained in section 5—7(1)(c) which refers to "an agency for care or placement." The record here contains an express finding that placement

under section 5—7 "will not serve the best interests of the minor and the public."

Dispositional hearings in juvenile cases are not generally equated to sentencing hearings in criminal cases. (*In re Seibert* (1975), 29 Ill. App. 3d 129, 329 N.E.2d 799.) At a dispositional hearing, the judge has numerous alternatives to consider. To require that the court enumerate into the record all possible alternatives would be too burdensome. The intricate procedures of sections 8, 9, and 10 of the Dangerous Drug Abuse Act are not available to juveniles. Section 12 does provide for a placement for treatment. However, such a placement is only one of many kinds of placements which may be made in a juvenile proceeding. If it is included within the placements under section 5—7(1)(c), the record shows that it was considered and rejected. If such a placement is not included therein, no specific reference to its consideration is expressly required by statute. We do not deem it desirable to promulgate a rule that it is impliedly required.

Accordingly, we affirm.

MILLS, P. J., and TRAPP, J., concur.