THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE ROY JOHNSON, Defendant-Appellant.

(No. 12709; )

Fourth District—May 1, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard W. Leiken, State's Attorney, of Eureka (John W. Foltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant Johnson was charged with the offense of driving while under the influence of intoxicating liquor. He entered a plea of guilty and was sentenced to a term of imprisonment of 1 year in the State Penal Farm. No verbatim transcript of the trial court's proceedings was made. The record contains a document signed by the defendant indicating the defendant's plea of guilty and the defendant's waiver of counsel and jury trial.

On appeal, the defendant contends that he was denied the equal protection of the law and due process of law as the result of the failure of the State to transcribe a report of the proceedings at which the defendant entered his plea of guilty. This argument has been answered contrary to the defendant's position by the Supreme Court of Illinois in the consolidated cases under the title *People v. Hopping*, 60 Ill.2d 246 (1975).

Next, the defendant contends that the sentence imposed upon him exceeded the statutory maximum, and the People concur. The offense of driving while under the influence of intoxicating liquor is classified as a Class A misdemeanor (Ill. Rev. Stat. 1973, ch. 95½, § 11—501(a) and (i).) Under the Unified Code of Corrections, a person convicted of a Class A misdemeanor can be imprisoned "for any term less than 1 year." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—3(a)(1).) The defendant argues that his sentence of imprisonment of 1 year exceeds the statutory maximum. However, the defendant has served his sentence and has been released from custody. Therefore, the issue of the excessiveness of his sentence is rendered moot.

Consequently, the judgment of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and TRAPP, J., concur.