*In re* ARNELIUS SNEED, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ARNELIUS SNEED, Respondent-Appellant.)

First District (2nd Division)   No. 61798

Opinion filed May 25, 1976.

James J. Doherty, Public Defender, of Chicago (Daniel E. Radakovich and Marc Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

A petition for adjudication of wardship was filed against the respondent alleging that he had committed two separate armed robberies. On October 2, 1974, respondent, pursuant to a negotiated agreement, entered an admission to the first count of the petition and the second was dismissed. Based upon his admission, respondent was found to be delinquent, declared a ward of the circuit court and, after a dispositional hearing, committed to the Department of Corrections.

I.

■■ Respondent raises several reasons to support his contention that he was denied the protection of the Juvenile Court Act and due process of law in being committed to the Department of Corrections. He first argues that the social investigation report was inadequate in that it did not

properly set out respondent's "family situation and background" as required by section 5—1(3) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1(3)). The brief of respondent's counsel states that respondent was released on parole on June 5, 1975. The sole sanction that could be applied upon a finding that section 5—1 of the Juvenile Court Act has been violated would be the remandment of the cause for consideration of a proper social investigation report before entry of an order of commitment. However, since respondent has been paroled, the propriety of the dispositional order is now moot. See *In re Williams,* 36 Ill. App. 3d 917, 344 N.E.2d 745.

## II.

■■ Respondent next argues that the trial court improperly heard evidence in aggravation and mitigation that respondent had two prior station adjustments and two prior curfew violations, none of which had resulted from an adjudication. Section 5—1(1) of the Juvenile Court Act specifically provides that at the dispositional hearing the trial court shall receive [a]ll evidence helpful in determining this question, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing." (Ill. Rev. Stat. 1973, ch. 37, par. 705—1(1).) Here, respondent's prior station adjustments and curfew violations were relevant to enable the trial court to determine the proper disposition. In addition, there was no objection to the introduction of these items by respondent's counsel. We therefore conclude that the trial court properly considered respondent's prior station adjustments and curfew violations in imposing sentence. See *In re Blakes,* 4 Ill. App. 3d 567, 281 N.E.2d 454.

## III.

Respondent's final contention is that the trial court, in imposing sentence, improperly considered an armed robbery charge against respondent which was closely related to the offense to which respondent entered an admission. This charge had been dismissed apparently as a basis for the negotiated admission to the other armed robbery. The basis of respondent's argument is found in a comment made by the trial judge prior to the imposition of sentence and after the victim of this alleged offense had testified to the circumstances of the offense in the aggravation and mitigation hearing. The trial judge said:

> "This is a case where Arnelius and some companions robbed a newspaper boy at gun point and took nineteen dollars in U.S. currency. Now, the branch manager of * * * was too robbed. Is there any reason why I should not commit Arnelius to the Department of Corrections?"

■■ We cannot agree with respondent's contention. The trial judge, by the above-quoted comment, did not in any way indicate that respondent

had been found guilty of the second offense. The trial judge was merely summarizing what had occurred. Shortly after the trial judge's comment, the assistant State's attorney, during his argument, specifically stated that the second armed robbery charge against respondent had been dismissed. There has been no showing that absent this comment the disposition would have been otherwise.

For the reasons set out above the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and JIGANTI, J., concur.