*In re* HARRY STURDIVANT, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* HARRY STURDIVANT, Respondent-Appellant.)

First District (3rd Division)    No. 62984

Opinion filed December 2, 1976.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Ramon Noel Flores, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent, Harry Sturdivant, was found to be a delinquent, and on February 20, 1975, was placed on three years probation. The State subsequently filed a petition for supplemental relief which charged that on February 25, 1975, respondent violated his probation by committing attempt robbery. At the hearing on the supplemental petition, respondent admitted the attempt robbery and probation violation, and was committed to the Department of Corrections. Respondent appeals, alleging that he was denied due process of law at the hearing, and that the record does not show that there had ever been an adjudication of wardship.

We reverse and remand.

The record discloses the following colloquies at the probation revocation hearing held on March 13, 1975:

"THE COURT: Now, if you admit to this charge—well, I will tell you what I am going to do.

I will find you in violation of your probation, and I will order you to be placed somewhere outside of your home by what we call UDIS [Unified Delinquency Intervention Services].

It is not exactly like the Department of Corrections. It is not St. Charles.

There will be different kinds of places, but you will not be living at home. You will be living outside your home. You will be going to a special school, and you will not be free to come and go as you please. You will probably have to stay pretty much on the grounds there, and under close supervision.

Now, do you understand that?

RESPONDENT: Yes.

THE COURT: All right. Knowing those things, do you admit to being involved in a robbery on February 25th?

RESPONDENT: Yes, sir * * *."

Respondent then admitted the facts of the attempt robbery, the court

found a probation violation, and the cause was continued for a progress report on the UDIS placement. On March 27, the probation officer stated to the court that both UDIS and another program had no openings. Thereupon, the State recommended the Department of Corrections. The court subsequently committed the respondent to the Department of Corrections, and respondent appeals.

■■ Respondent's primary argument is that he was denied due process of law when the trial judge induced his admission to a probation violation with a promise that was never fulfilled, without offering the minor an opportunity to withdraw his admission. The revocation of probation in juvenile proceedings is governed by the Juvenile Court Act. (Ill. Rev. Stat. 1975, ch. 37, par. 705—3.) A juvenile respondent is entitled to due process of law during probation revocation hearings. If the respondent's admission was in fact induced by an unfulfilled promise, due process requires that either the promise be fulfilled, or that he be allowed to withdraw his admission. *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289; *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.

■■ The State argues that the juvenile's admission was not induced by the trial court's promise; rather, that it followed defense counsel's withdrawal of respondent's denial of the offense. Although such was the case, the fact remains of record that the minor's actual admission of the attempt robbery and probation violation was in direct response to an unfulfilled and unqualified promise. An admission to probation violation made in reliance on an unfulfilled promise is not voluntarily made. (*People v. Pier.*) In such a case, the appropriate action is to remand the cause to the trial court with instructions to either specifically perform the promise or to allow respondent the opportunity to withdraw his admission and plead anew.

Respondent also argues that the record does not show that there had been an adjudication of wardship prior to his being placed on probation. In light of our ruling, the trial court will have the opportunity to proceed in a fashion described in *In re Thomas* (1976), 37 Ill. App. 3d 788, 353 N.E.2d 249.

■■ The State argues that this appeal should be dismissed as moot because respondent has completed his sentence. We strongly disagree with this contention for two reasons. First, we have no proper suggestion of record that respondent has actually been released by the Department of Corrections. Second, and most important, we recognize the effect the instant improper probation revocation could have at any future sentencing hearing in a case involving this juvenile should this appeal be dismissed. (Ill. Rev. Stat. 1975, ch. 37, par. 702—9(2); *People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409, 417.) The State's argument that a

reversal and remandment in this cause would be of doubtful benefit to respondent patently ignores the clear meaning of the Juvenile Court Act.

For the abovementioned reasons, the order of the circuit court of Cook County adjudging respondent in violation of his probation and committing him to the Department of Corrections is reversed, and the cause is remanded for proceedings consistent with the views expressed herein.

Order reversed; cause remanded.

MEJDA, P. J., and McNAMARA, J., concur.