THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE COTTO, Defendant-Appellant.

First District (1st Division)   No. 76-1143

Opinion filed May 23, 1977.

James J. Doherty, Public Defender, of Chicago (Michael White and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Jose Cotto, was charged by petition with violating the conditions of his probation. After conducting an evidentiary hearing, a judge of the circuit court of Cook County found that defendant had violated the conditions of his probation and sentenced defendant to imprisonment for from 3 to 9 years. No credit was allowed for the time

defendant spent on probation. From this sentence, the defendant appeals.

The sole issue on appeal is whether the court erred in denying credit against defendant's sentence for the time defendant was on probation.

Cotto was originally sentenced to 5 years probation on November 5, 1973. In addition to those conditions of probation mandated by section 5—6—3(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(a)), the court ordered the defendant to undergo treatment for his drug addiction, as authorized by section 5—6—3(b)(4) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(4)). The defendant was immediately sent to the Gateway House drug abuse facility and from there he was sent to another facility in Springfield. On November 10, 1973, Cotto left the drug abuse facility without permission and did not return. Nor did he report to his probation officer. On May 23, 1974, under the alias Rogelia Gonzalez, Cotto pleaded guilty to a charge of tampering with an automobile (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(b)) and was sentenced on his plea to four months of imprisonment.

The probation department did not apply for a warrant for defendant's arrest for failure to report to his probation officer until July 5, 1974. The warrant issued on that date and defendant was arrested on October 3, 1974. He remained incarcerated throughout the proceedings on the petition for violation of probation.

On March 26, 1975, the hearing on the petition was conducted, which included evidence in the form of testimony and documents from the Adult Probation Department of Cook County, the Gateway House drug rehabilitation facility and a certified copy of the conviction of Rogelia Gonzalez. A police officer testified that he had arrested a person who had identified himself as Rogelia Gonzalez and that he had been present in court when this person pleaded guilty to the charge of tampering with an automobile and that defendant Jose Cotto was the same person as Rogelia Gonzalez.

The matter was continued to April 17, 1975, on which date the court found that defendant had violated his probation by failing to report to his probation officer, by withdrawing from the drug abuse program without authorization and by committing a criminal offense. After a hearing in aggravation and mitigation, the defendant was sentenced to imprisonment for a term of 3 to 9 years. The State's attorney asked the court if there would be any credit and the court stated that defendant would receive no credit at all for time served on probation because he had never reported to his probation officer. The defendant's attorney objected to the denial of credit, asserting that the law in effect at the time defendant was originally sentenced to probation required that credit be given and that the amendment allowing judicial discretion was added

afterwards. The judge disagreed, stating: "I know, and if you read the law, it is only fellows found guilty afterwards that fall into that category."

Defendant was sentenced to 5 years probation on November 5, 1973. The statute then in effect (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) stated in pertinent part:

> " * * * Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment. * * *"

Effective July 1, 1974, that section was amended to read:

> " * * * Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

(Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).) A defendant who has been found to have violated his probation may only be sentenced to a sentence which was available at the time of his initial sentencing. Unified Code of Corrections, section 5—6—4(e) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(e)).

■■ When Cotto was originally sentenced on November 5, 1973, he was entitled to credit for his time served on probation against his sentence of imprisonment. To deny him credit based on the amendment to the statute would, as contended by defendant on appeal, constitute an unconstitutional application of an *ex post facto* law against him. *People v. Peach* (1976), 39 Ill. App. 3d 757, 760, 350 N.E.2d 583, 586.

The State concedes that defendant is entitled to credit for the five days he remained enrolled in the drug abuse program. But the State argues that defendant is only entitled to credit under the 1973 statute for time spent successfully on probation and that defendant's probation was no longer successful after he left the drug abuse program or, alternatively, no longer successful after he failed to report to his probation officer the first time, or on the date he was convicted of a criminal offense. In support of this argument, the State characterizes the 1974 amendment as an effort by the legislature to "clarify its thinking" when it passed the 1973 statute. It is further argued that the pattern presented on appeal is analogous to that of a prison escapee who, on a subsequent sentence, demands credit for time he was sentenced to be imprisoned but was actually a fugitive.

All of these contentions were raised before and decided against the State in *People v. Dandridge* (1974), 20 Ill. App. 3d 745, 315 N.E.2d 116. This court, in *Dandridge*, held that a defendant, originally sentenced to probation under the 1973 statute but who is resentenced at a time when the 1974 amendment is effective, is entitled to credit for time served on probation, which is not measured as ending on the date he first violates a condition of his probation:

" * * * Aside from the amendment, not applicable here, the statute creates no exception, grants no discretion and imposes no condition upon the allowance of credit for 'time served on probation.' We cannot read a grant of judicial discretion into a statute where none exists. * * *" 20 Ill. App. 3d 745, 751, 315 N.E.2d 116, 121.

The State urges us to change our position so that a defendant originally sentenced under the 1973 statute would be entitled to credit only for the time he successfully served on probation, citing *People v. Fitzgerald* (1975), 25 Ill. App. 3d 973, 324 N.E.2d 13, and *People v. Kaminski* (1975), 30 Ill. App. 3d 180, 332 N.E.2d 182. In both of those cases, the courts there used the word "successfully" in their directions to the trial court to resentence the defendants; in both cases the same error occurred as in the sentencing of Cotto, that is, the trial court failed to grant the defendants credit for time served on probation where they had been originally sentenced to probation while the 1973 statute was effective. We decline to overrule *Dandridge*. The use of the word "successfully" in *Fitzgerald* and *Kaminski* was not explained by the court nor supported by any citation and was not in either case a matter in issue in the appeal. We do not believe that these cases can be read as interpreting the plain and unambiguous language of the statute.

■■ Defendant's period of probation was tolled on July 5, 1974, when a warrant was issued for his arrest. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a); see *People v. Dandridge* (1974), 20 Ill. App. 3d 745, 751, 315 N.E.2d 116, 121.) Defendant is, therefore, entitled to credit against his sentence of imprisonment for the period between his original sentence of probation and the issuance of the warrant. Defendant is also entitled to credit against his sentence for the time he remained in custody awaiting the conclusion of his probation violation hearing. Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(d)(3).

■■ The State, in its oral argument of this case, suggested that the appeal was moot because it appeared that defendant had been paroled from his sentence of imprisonment. This fact has not been shown of record before this court and we need not consider it. Furthermore, a case is not moot if the collateral legal consequences of the sentence survive the expiration of the order under review. (*In re Sciara* (1974), 21 Ill. App. 3d 889, 893, 316 N.E.2d 153, 156.) If the defendant should be charged with violating his parole at some future date, the effect of the credit due him may have a bearing on that proceeding.

The finding of violation of probation is affirmed and the cause is remanded for resentencing, with the direction that the defendant be given credit against his sentence both for the time between his original sentence of probation and the issuance of the warrant for his arrest and

for the time he spent in custody while awaiting the conclusion of his probation revocation proceeding.

Affirmed and remanded with directions.

McGLOON and BUA, JJ., concur.