*In re* ANTHONY SCOTT, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ANTHONY SCOTT, Respondent-Appellant.)

First District (2nd Division)   No. 62530

Opinion filed July 5, 1978.

Ralph Ruebner and Kathy M. Morris, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

A petition for adjudication of wardship was filed against Anthony Scott, a minor, on February 17, 1975. A dispositional hearing was held on April 14, 1975, before Judge James Walton. At the conclusion of the hearing, the court committed the respondent to the Department of Corrections.

Respondent appeals.

The issues presented for review are whether the juvenile court lacked jurisdiction to commit respondent to the Department of Corrections without an explicit adjudication of wardship and whether the adjudication of wardship was defective if the court assumed respondent was guilty of theft instead of attempt theft.

On June 12, 1975, Anthony Scott, the respondent, was arrested for theft from a Jewel food store. On February 18, 1975, a hearing was held in juvenile court before Judge Richard Cooper on a petition for adjudication of wardship. The charge was amended to attempt theft. Respondent then entered an admission to the amended charge, and the court ordered the probation department to conduct a social investigation.

At the dispositional hearing held on April 14, 1975, before Judge James Walton, the probation officer reported the results of the social investigation. The court was apprised of respondent's extensive juvenile record, numerous station adjustments, and of his unstable home environment. At the conclusion of the hearing, Judge Walton committed the respondent to the Department of Corrections without expressly adjudicating respondent a ward of the court.

The respondent contends that the court lacked jurisdiction to commit him because there was no adjudication of wardship. Section 4—8(2) of the Juvenile Court Act provides:

"(2) If the court finds that the minor is a person described in Section 2—1 [delinquent, or otherwise in need of supervision, neglected, or dependent] and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent, * * *, and shall adjudge him a *ward of the court* * * *." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 37, par. 704—8(2).)

The phrase "ward of the court" need not be expressly stated by the court. It is not required that the order and proceedings be ritualized to the extent that language other than the phrase " 'ward of the court' " may not be used. *In re Jennings* (1977), 68 Ill. 2d 125, 133, 368 N.E.2d 864.

■■ This court following the decision in *Jennings* has held that a statement specifically expressing "adjudication of wardship" is not necessary. (*In re Wright* (1st Dist. 1977), 55 Ill. App. 3d 352, 353, 371 N.E.2d 28; *In re Tingle* (1st Dist. 1977), 52 Ill. App. 3d 251, 256, 367 N.E.2d 287.) In *Wright* this court found the language of the orders committing respondent to the Department of Corrections was sufficient to adjudicate respondent a ward of the court. The court orders in *Wright* were identical to the orders contained in this record.

■■ Respondent's contentions that the court lacked jurisdiction are nonsupportable for other reasons. Respondent did not raise the

adjudication of wardship issue at the trial level, and it is being raised for the first time on appeal. In *In re Tingle* the court found that an adjudication of wardship is a procedural matter. Failure to raise the issue at the trial level is a waiver of the issue on appeal.

Respondent next contends that the imposition of the dispositional order committing him to the Department of Corrections was fatally defective. He alleges that Judge Walton must have assumed respondent admitted to the charge of theft, not attempt theft, because the placita, dispositional order and half-sheet mention theft.

There is no indication in the report of proceedings that Judge Walton misconceived the charge. There are several factors which indicate he was cognizant of the charge. The half-sheet reflects that on February 18, 1975, the State was given leave to amend the petition on its face. The record indicates that on February 18, before Judge Cooper, the petition was amended to read attempt theft, and respondent entered an admission to that charge in open court. Judge Walton was aware of the admission and had the petition at the dispositional hearing held on April 14, 1975. The judge was also informed of the facts of the incident alleged in the petition.

■■ Even if it was assumed that Judge Walton did misconceive the charge, the commitment to the Department of Corrections must stand. In *In re Sneed* (1st Dist. 1976), 38 Ill. App. 3d 1041, 1043, 350 N.E.2d 122, this court upheld a commitment to the Department of Corrections under similar circumstances. In *Sneed,* where there was a negotiated admission on one charge, it was not error for the court to comment on a different charge which had been dismissed. In this case respondent concedes the disposition would have been the same for theft or attempt theft due to his extensive criminal history outlined by the social investigation.

It is clear that Judge Walton relied on the social investigation to arrive at the disposition. At page 21 in the record Judge Walton stated:

"Well, in light of the history of this boy, I don't think that anything other than a commitment would make sense* * *."

The court's statement basing its disposition on the social investigation is sufficient to comply with the provisions of the Juvenile Court Act. *In re Fields* (1st Dist. 1977), 46 Ill. App. 3d 1028, 1034, 361 N.E.2d 666.

The cases which respondent cites do not support his contentions since he was not tried under the provisions of the Criminal Code. Respondent was adjudicated a delinquent and had a dispositional hearing as provided by section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—1), which states in part:

"(1) After adjudging the minor a ward of the court, the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public. *All evidence*

370

*helpful in determining this question,* including oral and written reports, *may be admitted and relied upon* to the extent of its probative value,* * *." (Emphasis added.)

 The statute gives the juvenile court wide discretion in determining an appropriate disposition. The judge may consider prior arrests (*In re Seibert* (5th Dist. 1975), 29 Ill. App. 3d 129, 132, 329 N.E.2d 799), station adjustments, or curfew violations (*In re Sneed* (1st Dist. 1976), 38 Ill. App. 3d 1041, 1042, 350 N.E.2d 122) in determining whether to commit a juvenile to the Department of Corrections.

For these reasons the judgment of the juvenile court is affirmed.

Affirmed.

DOWNING and BROWN, JJ., concur.