*In re* F. S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* F. S., Respondent-Appellant.)

Fifth District   No. 77-529

Opinion filed March 23, 1979.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William D. Kelly, State's Attorney, of Vandalia (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-minor, F. S., appeals from a judgment entered by the Circuit Court of Fayette County on October 26, 1977, adjudicating him to be a delinquent minor and committing him to the Department of Corrections. Prior to said date, the circuit court had entered an earlier finding and order adjudicating respondent a ward of the court and placing him on probation. The People's motion for leave to supplement the record on appeal by including that record over defendant's objections was granted by the court. This court granted the State's motion for leave to supplement the record on appeal taken under advisement by including an earlier proceeding in which the minor was adjudicated a ward of the court and placed on probation by the Circuit Court of Fayette County.

■■ Defendant contends that the court lacked jurisdiction to proceed to the dispositional hearing on this matter because the record neither reflected nor supported a finding by the trial court that it was in the best interest of the minor and the public that defendant be adjudged a ward of the court. We note that no such determination was made in this particular

matter by the court. However, the record reflects that defendant had previously been found to be a delinquent and that the court had determined it to be in the best interests of the minor and the public that the minor be made a ward of the court in an earlier proceeding in the Circuit Court of Fayette County, on August 1, 1977. We hold that the trial court, because of its earlier and still effective adjudication of wardship of defendant-minor, did have jurisdiction to proceed to a dispositional hearing on the instant matter. Ill. Rev. Stat. 1977, ch. 37, par. 705—11; *In re Gates* (1978), 57 Ill. App. 3d 844, 850-51, 373 N.E.2d 568, 574.

■■ We do, however, agree with defendant-minor with respect to the other issue he raises in this appeal, namely the impropriety of the court's commitment of defendant-minor to the Department of Corrections before considering a written report of social investigation. It was error for the trial court to commit defendant-minor to the Department of Corrections without having first considered the statutorily mandated social investigation report, and defendant is entitled to a new dispositional hearing in accordance with that statute.

This cause is remanded for a new dispositional hearing following the social investigation required by section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—1), which states,

> "* * * *No order* of commitment to the Department of Corrections *shall be entered* against a minor before a written report of social investigation, which has been completed within the previous 60 days, is presented to and considered by the court." (Emphasis added.)

We remand this cause to the Circuit Court of Fayette County for a new dispositional hearing.

Reversed and remanded.

JONES and KARNS, JJ., concur.