*In re* B. S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* B. S., Respondent-Appellant.)

Fifth District   No. 77-363

Opinion filed June 7, 1979.

Michael J. Rosborough and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The appellant, a minor, was adjudicated a delinquent in July 1976 after admitting the allegations of a petition charging that he had committed the offense of burglary, and was placed on one year's probation. One month later, a petition to revoke was filed, based on the commission of another burglary. The minor again admitted the allegations of the petition, and was found in violation of his probation. At a dispositional hearing in October 1976, the court found that the minor should be committed to the Department of Corrections, but ordered the mittimus stayed pending periodic reviews of the minor's conduct. In June 1977, the State filed a "motion to issue mittimus," alleging that the minor

had committed yet another burglary. After an evidentiary hearing, the court ordered the minor committed to the Department of Corrections.

On appeal, the minor contends that the procedure followed by the trial court was not authorized by the Juvenile Court Act. As a result, the argument goes, the minor was committed to the Department of Corrections without the opportunity to present evidence in mitigation, to make a statement to the court, or to have the benefit of a current social investigation report. We are therefore urged to remand the cause for a new dispositional hearing.

At oral argument, we were advised that the minor (who is now an adult) has completed his term of commitment to the Department of Corrections.

We find it difficult to conceive how the minor was prejudiced by the procedure followed by the court below. We need not, however, reach the merits of the issue raised because we have determined that this appeal is moot.

■■ ■ When a reviewing court has notice of facts which show that only moot questions are involved on appeal and no effective relief could be granted, even when such facts do not appear of record, the court will dismiss the appeal. (*People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307; *LaSalle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486.) Although a challenged criminal conviction will not be considered moot where there is a possibility of collateral legal consequences arising out of the conviction (*Sibron v. State of New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889; *People v. Seymour* (5th Dist. 1977), 53 Ill. App. 3d 367, 368 N.E.2d 1018), where a criminal defendant has served the sentence for his crime in full, the propriety of the sentence, as distinguished from the conviction itself, is moot. *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Armstrong* (1st Dist. 1976), 43 Ill. App. 3d 586, 357 N.E.2d 84; *People v. Lewis* (1st Dist. 1973), 13 Ill. App. 3d 688, 301 N.E.2d 159; *People v. Johnson* (4th Dist. 1975), 28 Ill. App. 3d 102, 327 N.E.2d 608.

■■ ■ Delinquency proceedings under the Juvenile Court Act are not criminal proceedings. (*In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024.) Nevertheless, the juvenile cases raising questions of mootness have been decided under an analysis identical to that of the criminal cases. Where a juvenile has been denied due process of law in his adjudication as a delinquent, an appeal will not be considered moot even after his term of commitment to the Department of Corrections is completed. (*In re Sturdivant* (1st Dist. 1976), 44 Ill. App. 3d 410, 358 N.E.2d 80.) However, where the procedure surrounding the court's determination of the proper dispositional order only is brought into question, and the term has been completed, an appeal will be considered moot. *In re Williams* (1st Dist.

1976), 36 Ill. App. 3d 917, 344 N.E.2d 745; *In re Sneed* (1st Dist. 1976), 38 Ill. App. 3d 1041, 350 N.E.2d 122.

As in *Williams* and *Sneed*, the only sanction that could be applied here upon a finding that the court below erred in the procedure followed at the dispositional hearing would be remandment for another dispositional hearing. Since there is no effective relief which we could now grant, the case is moot and this appeal must be dismissed.

Appeal dismissed.

G. MORAN, P. J., and KASSERMAN, J., concur.