John William **RICHARDSON**, Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–879A238.

Court of Appeals of Indiana, Third District.

April 14, 1980.

Ned M. Berbeco, Hammond, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

John William Richardson is appealing a sentence of one year following the entry of a plea of guilty to the charge of criminal recklessness. The sentencing hearing was held on May 14, 1979 and on August 29,

1979, the appellant was released from the Indiana State Farm.

On appeal, the defendant has presented two issues. First, the appellant contends that the trial court erred in the sentencing as based upon previous practices of the court and misuse of the Sentencing Guidelines of the 1977 Indiana Penal Code. Secondly, the defendant argues that the sentencing by the trial court constituted cruel and unusual punishment. It is important to note that the defendant is challenging the sentencing by the trial court only and is not challenging the conviction.

Prior to addressing the issues raised by the defendant, it must be determined whether an actual controversy is presented by this appeal. The defendant is contesting the sentence, yet the sentence has already been served and the defendant has been discharged from custody. The appellant acknowledges that his case can no longer be affected by a decision from this Court but urges consideration nonetheless, so that similar cases will be viewed more closely in the future.

This argument is not persuasive. Since the sentence has been served, the issue of the validity of the sentence is rendered moot and it is unnecessary for this appeal to receive further consideration. *People v. Murrell* (1975), 60 Ill.2d 287, 326 N.E.2d 762; *People v. Johnson* (1975), 28 Ill.App.3d 102, 327 N.E.2d 608; *Wilkerson v. United States* (8th Cir. 1968), 390 F.2d 656. The Court does not engage in discussions of moot questions or render advisory opinions based on the possibility of similar cases in the future. The existence of an actual controversy is required. *Smith v. Am. Nat. Bank of Indpls.* (1948), 118 Ind. App. 413, 78 N.E.2d 874.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.