*In re* RICKY NAPIER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RICKY NAPIER, Respondent-Appellant.)

First District (3rd Division)    No. 79-1021

Opinion filed April 16, 1980.

504

■■■■■■

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Pamela Louise Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent was charged with being a delinquent in that on March 16, 1978, he committed the offense of assault on Juanita Fugate by placing her in reasonable apprehension of receiving a battery. (Ill. Rev. Stat. 1977, ch. 38, par. 12—1.) Respondent entered an admission to the assault charge, and the trial court adjudged him to be a ward of the court. Following a dispositional hearing, the court committed him to the Department of Corrections. On appeal, respondent contends the trial court abused its discretion in committing him to the Department. The State counters that the appeal should be dismissed as moot because the Department released respondent on parole on June 22, 1979. The facts as stipulated at the dispositional hearing are as follows.

Juanita Fugate operated a restaurant and hot dog stand in Chicago. On March 16, 1978, at approximately 6 p.m., respondent and three other male youths entered her establishment. Respondent was asked to leave because he had been "barred" as a result of previous trouble Fugate had with him. Respondent refused to leave. When Fugate said she would call police, respondent threatened to break her head and burn her building down. He also took a step in her direction causing her to believe she was about to receive bodily harm.

Officer Carl Patten of the Chicago Police Department responded to a call of a disturbance at the restaurant. When he arrived, he observed four youths flee into a pool hall.

At the dispositional hearing on October 2, 1978, a written social investigation concerning respondent was filed and considered by the court. The report showed that, in addition to three station adjustments, respondent was referred to the court on a delinquency petition alleging

armed robbery in September 1976. He entered an admission to that charge and was placed on supervision for six months in January 1977. Supervision was unsatisfactorily terminated in September 1977. At the time of the present dispositional hearing, two other delinquency petitions were pending against respondent. Both were filed in 1978; one charged the offense of robbery and the other charged the offenses of theft and criminal trespass to a vehicle.

The report also revealed that respondent, who was 16 years old, married with his mother's consent on August 5, 1978. Probation Officer West testified that he tried to visit the home where respondent and his wife allegedly resided, but he found no one there. Respondent told West that he was employed at Majestic Tool, but upon investigation, the probation officer learned that respondent's employment had been terminated. On the day of the hearing, respondent stated he was employed at a gas station, but West was unable to confirm this employment. West testified that his first impression of respondent was that he was honest and sincere. Subsequent experience with respondent led West to question that impression. In his written report, the probation officer stated he was reluctant to recommend probation in view of respondent's past behavior.

Respondent testified that he worked at a gas station eight hours a day, earning $3 an hour. He also worked in the morning at a construction job which paid $4 an hour. He and his wife lived in an apartment and he paid the rent. He did not receive money from his parents. Respondent expressed regret over his behavior and promised to do better.

Respondent's wife testified she was expecting a baby in several months. Respondent was her sole support. Respondent's mother stated that she could see a recent improvement in him. He stayed home and did not "run the streets" as he had.

Based on the totality of the evidence, the trial court found that probation was not an appropriate disposition, and that probation would not be in respondent's best interest or that of the community at large. The court further found that respondent was beyond the control of his parent, and that it was in respondent's best interest and that of the community that he be committed to the Department of Corrections.

Respondent does not challenge the adjudication of the delinquency, but only the correctness of his commitment. The State replies that since respondent is on parole, the appeal is moot.

■■■ It is generally held that where the only relief sought is to set aside a sentence, the question of the validity of its imposition becomes moot when the sentence has been served. (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; see also *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *In re B. S.* (1979), 73 Ill. App. 3d 507, 392 N.E.2d 62.) We do

not consider the present appeal to be moot, however, since respondent's release from the Department of Corrections was conditional. Under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—3—8(a),(b)), a juvenile committed to the Department may be kept on parole until he is 21 years old unless the Prisoner Review Board enters an order releasing and discharging him from parole. The record here does not indicate that the Board has done so. Consequently, under the statute, although respondent is on parole, he is subject to revocation of parole and recommitment until the age of 21 if he violates a condition of parole. In view of these possible consequences, we do not believe that respondent's challenge to his commitment is moot. See *People v. Cotto* (1977), 49 Ill. App. 3d 382, 364 N.E.2d 386; *In re Sturdivant* (1976), 44 Ill. App. 3d 410, 358 N.E.2d 80.

Respondent argues that the trial court's finding that he was beyond the control of his parent was inappropriate since he was "an emancipated minor who had altered his lifestyle to meet his current responsibilities." He further maintains that the finding it was in his best interest and in the best interest of the community that he be committed is contrary to the manifest weight of the evidence.

Yet, there was ample support for the court's finding that probation was inappropriate and that commitment was proper. Initially, it is evident that the trial judge who saw and heard the witnesses was not convinced that respondent was about to change his well-established pattern of behavior. Moreover, respondent's behavior included serious offenses such as robbery, for which, had he been convicted as an adult, he could have been sentenced to the penitentiary. His behavior outside the home, together with the probation officer's investigation and report, were sufficient to establish that he was beyond the control of his mother or father. The probation officer concluded from his investigation that respondent was not mature enough to cope with married life. Under all these circumstances, even if respondent established "emancipation," we cannot conclude that the court's finding that respondent was beyond the control of his parents was not relevant and appropriate to the court's determination. Under the circumstances, this court cannot say that the trial court's finding that commitment was in respondent's and the community's best interests was against the manifest weight of the evidence, or that the trial court improperly decided that respondent's behavior had not in fact changed. Compare *In re Thomas* (1978), 56 Ill. App. 3d 587, 372 N.E.2d 134.

■■■ The choice of a dispositional order rests within the sound discretion of the trial court, and absent a showing of abuse, the trial court's determination should not be reversed on review. (*In re Roman* (1978), 64 Ill. App. 3d 59, 380 N.E.2d 1037.) We conclude that the trial court did not

abuse its discretion in committing respondent to the Department of Corrections. *In re Antosz* (1978), 63 Ill. App. 3d 829, 380 N.E.2d 847.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.