In re R. D., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. R. D., Respondent-Appellant.)

Third District   Nos. 79-931 through 79-934 cons.

Opinion filed May 21, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Stephen Landuyt, State's Attorney, of Oquawka (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

In four separate causes, petitions were filed in the Circuit Court of Henderson County to adjudge R. D., a minor, a ward of the court because he was delinquent. In one cause he was first adjudged a ward and then placed on probation, a disposition which was subsequently revoked. In the other three, he was adjudged a ward. Eventually a consolidated dispositional hearing was held for all four causes. R. D. was committed to the Department of Corrections at the conclusion of that hearing. This is a consolidated appeal from the findings that R. D. is delinquent and in violation of his probation as well as from the order committing him to the Department of Corrections.

On appeal questions are raised concerning the adequacy of the social investigation report examined by the court and the alleged failure of the trial court to consider alternative dispositions under section 5—7 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—7), prior to the commitment of the minor to the Department of Corrections.

A written report of social investigation must be presented to and considered by a court before an order of commitment to the Department of Corrections is entered. (Ill. Rev. Stat. 1977, ch. 37, par. 705—1 (1).) The report must set forth the following:

" * * * [T]he minor's history of delinquency, criminality or other matters which have been brought to the attention of the juvenile court, physical and mental history and condition, family situation and background, economic status, education, occupation, if any, and personal habits; information about special resources known to the investigatory officer which might be available to assist in the minor's rehabilitation; and any other matters that the investigating officer deems relevant or the court directs to be included." Ill. Rev. Stat. 1977, ch. 37, par. 705—1 (3).

In the instant case, nothing entitled a social investigation report was presented to the court. However, the court did receive and consider a two-page report from the Department of Corrections and a one-page clinical evaluation of the minor prepared by the department's psychiatrist. The minor contends these reports, though relevant and proper for consideration by the court, were inadequate to meet the statutory requirements. We disagree.

The reports prepared by the Department of Corrections informed the court of the minor's prior criminality, his physical and mental condition, and his family situation, including a proposal for family therapy. Although the reports did not specifically document the minor's economic status, education and personal habits, this information was made available to the court through the testimony of witnesses. The minor's probation intake officer, who was present at the hearing, raised no objections to the evidence presented and felt no additional information was needed.

■■ Although it is clear that a report on the minor's background is needed and that it is error to commit a juvenile without consideration of such a report (*In re F. S.* (1979), 70 Ill. App. 3d 526, 388 N.E.2d 893) and that the report requirement cannot be waived (*In re Starks* (1978), 60 Ill. App. 3d 934, 377 N.E.2d 590), we find that the reports submitted in the instant case, when viewed in conjunction with the testimony presented at the hearing, provided an adequate basis upon which the court could make its decision. To require the preparation of a report specified as a social investigation report, when the essential information is presented to the court through testimony and other reports, would be to place form over substance.

The minor also contends that his commitment to the Department of Corrections should be reversed because alternative dispositions under section 5—10 of the Juvenile Court Act were not considered. Specifically, the minor alleges that the court was made aware of only two available dispositions, namely probation and commitment to the Department of Corrections, and that this was the result of a lack of information in the social investigation report.

Section 5—10(1) of the Juvenile Court Act states as follows:

"(1) When any delinquent has been adjudged a ward of the court under this Act, the court may commit him to the Department of Corrections if it finds that (a) his parents, guardian or legal custodian are unfit or unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so, and (b) the best interests of the minor and the public will not be served by placement under section 5—7." Ill. Rev. Stat. 1977, ch. 37, par. 705—10(1).

The minor alleges that the alternative dispositions under section 5—7 were never considered by the trial court.

This allegation is erroneous. The record reveals that alternative dispositions were considered by the trial judge in rendering his dispositional orders. In addition, the options given to the court at the hearing included not only the recommendations of the State's Attorney and defense counsel, but all options under law.

■ The fact that the reports considered at the hearing did not contain dispositional alternatives does not render them ineffective, contrary to the minor's contentions. The applicable portion of the Juvenile Court Act states that "information about special resources known to the investigatory officer which might be available to assist in the minor's rehabilitation" shall be set forth in the social investigation report (Ill. Rev. Stat. 1977, ch. 37, par. 705—1 (3)). Special resources, if they exist, may not have been known to the individuals preparing the Department of Corrections reports. Thus we hold that the reports were adequate in this respect.

For the foregoing reasons the judgment of the Circuit Court of Henderson County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.