*In re* K. A. S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* K. A. S., Respondent-Appellant.)

Third District   No. 79-525

Opinion filed November 13, 1980.

STENGEL, J., specially concurring.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Martin N. Ashley, Gillum Ferguson, and John X. Breslin, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Respondent-minor K.A.S. was found to be delinquent, and on November 27, 1978, was placed on probation for one year. The People subsequently filed a petition which alleged that on May 29, 1979, respondent violated his probation by committing attempt (burglary) and criminal damage to property. At the hearing on the petition, respondent admitted its allegations and the circuit court of Peoria County found him to be in violation of his probation and ordered a psychological examination.

At the subsequent dispositional hearing, three reports were filed and considered by the trial court. A dispositional social history, prepared by Juvenile Probation Officer Fred McAfee, indicated respondent had made a poor adjustment to probation. The report stated that the minor had run away in April 1979 to avoid going to school and had 24½ days of unexcused absence during March 1979 and May 1979. He also demonstrated an irregular pattern of responsibility in making probation appointments and had been charged with curfew and driver's license violations previous to the charge which led to the instant petition. From September 1978 to December 1978, respondent had been involved in 10 burglaries and one theft.

A report prepared by the Peoria Juvenile Detention Center indicated the minor was an extremely manipulative individual who comprehended the difference between right and wrong but was only concerned when fearful of being caught, fined, or disciplined. Respondent was characterized as indifferent with a long standing dislike and hostility for authority in general and was considered a high security risk due to his continual references to escaping from the center. The psychological evaluation similarly indicated that within the minor's value system, the only wrong was the activity of getting caught.

In addition to its consideration of the three reports, the trial court heard the testimony of Officer McAfee, who had been respondent's probation officer. He recommended commitment to the Department of Corrections (hereinafter the Department). On cross-examination, McAfee indicated that he, the juvenile court director, and the deputy chief probation officer had considered alternative placements for the minor before recommending his commitment. His personal opinion was that respondent would benefit from any structured placement that would provide adequate 24-hour supervision.

On appeal, respondent contends that the trial court erred in entering its order for commitment as the social investigation report was incomplete and therefore thwarted consideration of alternative placement of the minor. The People respond that this contention is moot or has been waived.

■■ The People's response that respondent's contention of error is moot is premised on the fact the minor was paroled from the Department's Juvenile Division on February 28, 1980. Their argument that this event eliminates any justiciable controversy ignores the fact that the parole period of a juvenile committed to the Department under the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—1 *et seq.*) extends until the age of 21, unless terminated earlier by the Parole and Pardon Board. (Ill. Rev. Stat. 1977, ch. 38, par. 1003—3—8(a), (b).) As the record does not indicate that respondent's parole period has been thus terminated, there exists the possibility of recommitment in the event of another parole violation. Under these circumstances, we do not find respondent's contention to be moot. *In re Napier* (1980), 83 Ill. App. 3d 503, 404 N.E.2d 423; *cf. In re Sturdivant* (1976), 44 Ill. App. 3d 410, 358 N.E.2d 80 (sentence completed). Contra, *In re Sneed* (1976), 38 Ill. App. 3d 1041, 350 N.E.2d 122; *In re Williams* (1976), 36 Ill. App. 3d 917, 344 N.E.2d 745; *cf. In re B.S.* (1979), 73 Ill. App. 3d 507, 392 N.E.2d 62 (sentence completed).

■■ The People's alternative response that respondent's contention of error has been waived is premised on the lack of a specifically worded objection at the hearing to the form or depth of the report. While the People are correct in noting this omission, the gravamen of respondent's objection to the order of commitment is the failure to consider alternative placements. Our review of the record indicates that much of the cross-examination of McAfee was directed at eliciting the failure to include such a consideration in his report and directly to the consideration of alternative placement itself. Under these circumstances, we do not find the contention waived for want of a specific objection.

■■ Having considered the responses of the People, we now turn to the merits of respondent's contention that the trial court erred in entering its order for commitment. Respondent contends that the probation department usurped the court's function of weighing alternative placements by failing to include such placements in its social investigation report. This contention is premised on the mandate of section 5—1(3) of the Juvenile Court Act (hereinafter the Act) which provides, *inter alia*:

"In the case of a person adjudicated a delinquent, any written report of social investigation shall set forth * * * information about special resources known to the investigatory officer which might be available to assist in the minor's rehabilitation; * * * ." (Ill. Rev. Stat. 1977, ch. 37, par. 705—1(3).)

Respondent submits that the lack of alternatives presented to the court was the direct result of the lack of information about special resources within the report.

In *In re R. D.* (1980), 84 Ill. App. 3d 203, 405 N.E.2d 460, nothing entitled a social investigation report was ever presented to the court;

however, the court received a two-page report from the Department and a one-page psychiatric evaluation. Although the reports did not include all the information mandated in the statute, the court noted this information was made available to the trial court through the testimony of witnesses and stated:

"[W]e find that the reports submitted in the instant case, when viewed in conjunction with the testimony presented at the hearing, provided an adequate basis upon which the court could make its decision. To require the preparation of a report specified as a social investigation report, when the essential information is presented to the court through testimony and other reports, would be to place form over substance."

*In re R. D.* (1980), 84 Ill. App. 3d 203, 205, 405 N.E.2d 460, 462.

In the case at bar, the trial court considered a three-page dispositional social history, a two-page report from the Peoria Juvenile Detention Center, and a two-page psychological evaluation. In addition, much of the testimony at the hearing specifically addressed the matter of alternative placement. It would be anomalous to note that respondent has preserved his contention for review by the colloquies at the hearing and to fail to note the court was thereby presented with information regarding alternative placement.

Section 5—2 of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2) provides for various dispositional orders a trial court may enter. The disposition of a juvenile rests within the discretion of the court and will not be disturbed absent an abuse of its discretion. (*In re Hatfield* (1979), 72 Ill. App. 3d 249, 390 N.E.2d 453; *In re Buchanan* (1978), 62 Ill. App. 3d 463, 379 N.E.2d 122; *In re Wilson* (1976), 40 Ill. App. 3d 619, 352 N.E.2d 251.) Under the circumstances herein, we find no abuse of discretion.

Accordingly, the order of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STENGEL, specially concurring:

While I concur in the affirmance of the dispositional order, I would not reach the question of the sufficiency of the social investigation report because I believe that issue is moot. Now that respondent has been paroled, the only sanction that could possibly be imposed would be remandment for consideration of a proper social investigation report before entry of an order of commitment. (*In re Sneed* (1976), 38 Ill. App. 3d 1041, 350 N.E.2d 122.) Since commitment has been completed, such

remandment would be a useless act. In the event another parole violation occurred, a new commitment hearing would be held with a new social investigation report.

The error urged by respondent is that the court should have considered alternative placements. That question can be distinguished from the error asserted in *In re Napier* (1980), 83 Ill. App. 3d 503, 404 N.E.2d 423, relied upon by the majority, where the minor claimed he should not have been committed at all. In *Napier*, if the trial court had erred in making a commitment in the first place, the issue was not necessarily moot after the minor was released on parole. In the case before us, the question of alternative placements is purely an abstract question now that the minor is no longer in custody.