*In re* R.D.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, *v.* R.D.S., Respondent-Appellant).
Third District   No. 3—83—0476

Opinion filed March 14, 1984.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

R.D.S. appeals from his commitment to the Department of Corrections following his plea of guilty and the court's adjudication of him as a delinquent and a ward of the court. The only issue presented is whether he is entitled to a new dispositional hearing because the court erred in considering a prior delinquency adjudication which had been reversed on appeal. We find no error and affirm.

In January 1981, R.D.S. was found to be a delinquent, as a result of his commission of the offense of theft. He was adjudged a ward of the court and committed to the Department of Corrections. The findings and commitment were reversed on appeal. (*People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293.) In March 1983, another juvenile petition was filed against R.D.S., for another theft offense. R.D.S. appeared in court and admitted the allegations of the petition. He was adjudged a ward and a dispositional hearing was scheduled. At that hearing, the court reviewed the investigation report as well as heard testimony from the minor, his mother and his probation officer. The record indicates that R.D.S. was first adjudged a delinquent in November 1978 and placed on probation. Although he violated that probation, it was continued. In October 1979, he was again found to be delinquent and again placed on probation. Another violation was committed by R.D.S., but again the probation was continued. Most of the delinquency findings and probation violations focus upon theft-related offenses.

In January 1981, as previously noted, R.D.S. was again adjudged delinquent and thereupon sentenced to the Department of Corrections. That adjudication was reversed on appeal. The court, in the instant case which is grounded upon the March 1983 adjudication of delinquency, committed R.D.S. to the Department of Corrections.

Trial judges, in determining the appropriate disposition of a juvenile adjudged to be a ward of the court, have wide discretion:

"(1) After adjudging the minor a ward of the court, the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public. All evi-

dence helpful in determining this question, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing \*\*\*." (Ill. Rev. Stat. 1981, ch. 37, par. 705—1.)

Being empowered to consider all helpful evidence (*In re White* (1982), 103 Ill. App. 3d 105, 429 N.E.2d 1383), a trial judge may look to prior arrests, station adjustments, curfew violations and hearsay in determining whether commitment to the Department of Corrections is appropriate. *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872; *In re Scott* (1978), 62 Ill. App. 3d 367, 379 N.E.2d 72.

The defense contends, however, that the trial court here improperly considered this juvenile's prior adjudication of delinquency where the prior adjudication was reversed on appeal. Reliance is placed upon the rule of criminal law making it reversible error for a sentencing court to consider a conviction which was subsequently reversed on appeal in entering sentence. See *People v. Coty* (1982), 105 Ill. App. 3d 398, 434 N.E.2d 432.

We find no error on the facts in this case. The record is clear that the trial judge did not consider or rely upon the prior adjudication as a matter in aggravation when determining an appropriate disposition for the March 1983 delinquency. The trial judge's reference to the prior adjudication was within a context focusing upon an appropriate disposition. The judge noted that R.D.S. had spent some time in the Department of Corrections and that shortly after release he had returned to criminal conduct. In the court's own words,

> "The last time that a dispositional hearing was held, a judge sitting in the place that I'm sitting sent him to the Department of Corrections. It is obvious from the record at the Department of Corrections that he needed more time there. His case was reversed because of a failure of service of process, not because the Supreme Court disagreed with the placement of this minor at the Department of Corrections, but rather because of a clerical error in the adjudication process.
>
> \* \* \*
>
> *The point is* that this young man, after having been sentenced or placed in the Department of Corrections, and having been released, returned to the community, and immediately returned to the conduct which resulted—which had previously placed him in the Department." (Emphasis added.)

The clear emphasis and reliance was not upon the prior adjudication, as in itself as a matter in aggravation, but rather upon the fact, prop-

erly considered, that upon release from the Department, following the reversal, R.D.S. returned to his criminal activities. Under the circumstances and given the context of his reference to the prior adjudication, we find no error. This situation is distinct from that in which a sentencing judge considers or relies upon a prior conviction, subsequently reversed, as a matter in aggravation in sentencing upon a subsequent charge. Here, it was not the prior adjudication or its circumstances that the court noted, but the respondent's conduct after having been released from commitment following the prior adjudication. The mere mention of the prior adjudication, in this context, does not mandate reversal.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.