Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Apr 11 2014, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SAMANTHA M. JOSLYN**
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| G.W., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 37A03-1309-JV-372 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE JASPER CIRCUIT COURT
The Honorable John D. Potter, Judge
The Honorable James R. Ahler, Special Judge
Cause Nos. 37C01-1204-JS-90 and 37C01-1207-JD-142

**April 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

G.W. appeals the juvenile court's adjudication that she committed the delinquent act of criminal trespass, as a Class A misdemeanor if committed by an adult. G.W. presents two issues for our review:

1.      Whether the State presented sufficient evidence to support the delinquency adjudication.

2.      Whether the trial court abused its discretion when it ordered her to serve sixty days of electronic home monitoring detention.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 17, 2011, G.W., a minor, left her home in Jasper County after her mother ("M.W.") had explicitly told her that she did not have permission to leave home. G.W. eventually telephoned M.W. to tell her that she was going to Valparaiso for her birthday. M.W. told G.W. that if she did not come home immediately, M.W. was going to call the police. Later, via text message, G.W. stated to M.W., "go ahead and contact the police, you won't find me, I'm on my way to Gary." Transcript at 28. M.W. then called police.

Jasper County Sheriff's Deputy Russell Shouse arrived at G.W.'s home and spoke with M.W. Based on his conversation with M.W., Deputy Shouse proceeded to the residence of G.W.'s friend H.M. H.M.'s parents told Deputy Shouse that he had "just missed" G.W., who had been in their apartment a "short time ago." Id. at 7. In fact, G.W. had left her jacket in the apartment. Deputy Shouse proceeded to look for G.W. in the basement of the apartment building where H.M. lived. Deputy Shouse did not find

G.W. in the basement, but H.M.'s father reported that he could hear voices coming from inside a nearby vacant apartment. At that point, Deputy Shouse found the door to the vacant apartment unlocked, and he entered that unit. Deputy Shouse called out for G.W., but got no response. Deputy Shouse eventually found G.W. and an adult male hiding in a closet in the vacant apartment. G.W. appeared to be intoxicated, and she told Deputy Shouse that she had consumed alcohol prior to entering the vacant apartment.

The State filed delinquency petitions against G.W. for criminal trespass, as a Class A misdemeanor if committed by an adult, and leaving home without permission. After a fact-finding hearing, the court entered true findings on the State's petitions. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sufficiency of the Evidence

G.W challenges the sufficiency of the evidence supporting her adjudication as a delinquent for criminal trespass.[1] When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. A.E.B v. State, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. Id. We consider only "the evidence of probative value and the reasonable inferences that support the determination." Id.

---

[1] G.W. does not appeal the trial court's adjudication that she was delinquent for leaving home without permission.

To prove criminal trespass, as a Class A misdemeanor if committed by an adult, the State had to prove that G.W., not having a contractual interest in the property, knowingly or intentionally entered the dwelling of another person without the person's consent. See Ind. Code § 35-43-2-2(a)(5). G.W. contends that the State's evidence was "contradictory as to whether G.W. would have known if she had permission to be in the unoccupied unit." Appellant's Brief at 12. And G.W. maintains that "based upon her intoxicated state, that she did not knowingly or intentionally enter the dwelling of another person without their [sic] consent." Id.

G.W. appears to contend that because she was intoxicated, she lacked the necessary mens rea to trespass. But, as the State points out, G.W. does not allege that she was intoxicated against her will, and voluntary intoxication "is not a defense in a prosecution for an offense and may not be taken into consideration in determining the existence of a mental state that is an element of the offense." See Ind. Code § 35-41-2-5. In addition, the State presented evidence that the owner of the vacant apartment, Ray Thomas, had not given G.W. permission to enter the apartment. And Deputy Shouse testified that he found G.W. and the adult male hiding in a closet after Deputy Shouse had been calling for G.W. We hold that hiding from a police officer is similar to flight and is "a response to a consciousness of guilt in a person and a means of preventing apprehension and punishment." See Hoskins v. State, 441 N.E.2d 419, 427 (Ind. 1982). G.W.'s argument on appeal amounts to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support her adjudication as a delinquent for criminal trespass.

**Issue Two: Disposition**

G.W. also contends that the trial court abused its discretion when it ordered her to serve sixty days of GPS electronic monitoring. But the State points out that, G.W. having already completed the period of monitoring,[2] this issue is moot. It is well settled that once a criminal defendant serves his sentence, "'the issue of the validity of the sentence is rendered moot.'" Irwin v. State, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001) (quoting Richardson v. State, 402 N.E.2d 1012, 1013 (Ind. Ct. App. 1980)). We hold that this principle also applies to commitments following juvenile adjudications and that G.W.'s challenge to her sentence is moot.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.

---

[2] The State points out, and G.W. does not dispute, that "[n]othing in the record reveals that the trial court stayed the [commitment] or otherwise delayed its commencement in any way." Appellee's Brief at 8.